UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY BROWN,

        Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, SANTANDER CONSUMER USA, N.A. and MERCHANTS & MEDICAL CREDIT CORPORATION, INC.

        Defendants.

Case Number: 23-cv-00735-RJJ-RSK

Honorable Robert J. Jonker

## SANTANDER CONSUMER USA INC.'S MOTION TO DISMISS

Defendant Santander Consumer USA Inc. ("Santander"), through counsel, moves for dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons stated in the attached brief.

BODMAN PLC

By: /s/Erica J. Shell
Erica J. Shell (P80106)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
eshell@bodmanlaw.com

Dated: September 15, 2023    *Attorneys for Santander Consumer USA Inc.*

4860-4557-5551.v3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY BROWN,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION, LLC, SANTANDER
CONSUMER USA, N.A. and
MERCHANTS & MEDICAL CREDIT
CORPORATION, INC.

    Defendants.

Case Number:  23-cv-00735-RJJ-RSK
Honorable Robert J. Jonker

**BRIEF IN SUPPORT OF SANTANDER CONSUMER USA INC'S**
**<u>MOTION TO DISMISS</u>**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

QUESTIONS PRESENTED ................................................................................. iii

INTRODUCTION .................................................................................................. 1

STATEMENT OF FACTS ..................................................................................... 1

LEGAL STANDARD ............................................................................................ 1

ARGUMENT .......................................................................................................... 2

    I.    Plaintiff's Claims Are Subject to Mandatory Arbitration ............................ 2

CONCLUSION ....................................................................................................... 3

4860-4557-5551.v3

## INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 678-79 (2009) .......................................................................... 2

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ........................................... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ......................................................... 2

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985) ............................................. 3

*Fazio v. Lehman Brothers, Inc.*, 340 F.3d 386, 392-93 (6th Cir. 2003) ................................. 3

*Granite Rock Co. v. Int'l Brh. of Teamsters*, 561 U.S. 287, 301 (2010) ............................... 3

*Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019) ............................................... 2

**Statutes**

28 U.S.C. § 1391................................................................................................................. v, 4

28 U.S.C. § 1406(a) ............................................................................................................ 4, 6

9 U.S.C. § 2........................................................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................... 3, 8, 10

## QUESTIONS PRESENTED

I.      Should the Court dismiss Plaintiff's complaint where her claims are subject to a mandatory arbitration provision contained in her Retail Installment Sale Contract?

              Defendant Santander Consumer USA Inc. answers "Yes."

iii

## INTRODUCTION

Plaintiff and Santander Consumer USA, Inc. are subject to mandatory arbitration provision that requires Plaintiff to bring her claims in arbitration. Santander Consumer USA, Inc. ("Santander") therefore respectfully requests that the Court DISMISS Plaintiff's complaint in its entirety with prejudice, and without leave to amend, and award Santander its costs and attorneys' fees incurred in responding to it.

## STATEMENT OF FACTS

Plaintiff's claim against Santander arise from of the purchase of a 2019 Lincoln VIN 3LN6L5KU5R61738 (the "Vehicle") from Enterprise Car Sales in Farmington Hills, Michigan on or about April 21, 2021. *See* Exhibit A, Retail Installment Sale Contract. She claims that she was a victim of identity fraud in 2018 and that she did not open an account with Santander or purchase the Vehicle. *See* Complaint, ¶ 19.

The Retail Installment Sale Contract ("RISC") includes the following arbitration provision:

> Any claim or dispute, whether in contract, tort, statute or otherwise . . . between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who did not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

Exhibit A, p. 6.

## LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) when the pleadings fail to state a claim upon which relief can be granted. As a general rule, the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019). But application of the general

1

rule is limited to allegations comprised of well-pleaded facts. *Ashcroft v. Iqbal*, 556 U.S. 678-79 (2009). Allegations comprised of labels and conclusions, formulaic recitals of elements, unadorned accusations, or naked assertions aren't entitled to a presumption of truth. *Id.* at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although courts are typically limited to the pleadings when faced with a Fed. R. Civ. P. 12(b)(6) motion, a defendant may attach documents referenced in plaintiff's complaint without converting the motion into one for summary judgment. *Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425–426 (6th Cir. 2018). Here, the RISC is a necessary document to the pleadings because the basis of the parties' relationship arises from it.

## ARGUMENT

### I.     Plaintiff's Claims Are Subject to Mandatory Arbitration.

Plaintiff's claims are based on the RISC governing the parties' relationship. It contains an unambiguous arbitration provision mandating that all claims arising out of or relating to the RISC shall be resolved by binding arbitration at either party's election. Santander has so elected.

The Federal Arbitration Act ("FAA") provides that a written arbitration provision in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. The FAA reflects both a "liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citation omitted). Indeed, the purpose of the FAA is to ensure that courts "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).

In determining whether to dismiss an action based on an arbitration provision, the court's duty is to examine the contract to determine if the parties agreed to arbitrate the dispute in issue. *Granite Rock Co. v. Int'l Brh. of Teamsters*, 561 U.S. 287, 301 (2010). In construing the scope of the scope of the parties' agreement to arbitrate, the court follows ordinary contract principles, subject to the rule that "any doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Brothers, Inc.*, 340 F.3d 386, 392-93 (6th Cir. 2003).

Plaintiff's claims are subject to arbitration. The RISC contains a broad arbitration provision requiring that any claim, whether in contract, tort, statutory, or common law shall be resolved by arbitration at either party's election. *See* Ex. A, p. 6. Plaintiff's complaint alleges that Plaintiff's identity was stolen, her account with Santander arising from the RISC was fraudulent, and that she was damaged as a result. Because her claims arise out of and relate to the RISC, and her claims against Santander cannot be maintained without reference to the RISC, her claims should have been brought to arbitration. This Court should therefore dismiss her claims so that they can properly be brought in arbitration.

## CONCLUSION

For the foregoing reasons, defendant Santander Consumer USA Inc requests entry of an order dismissing Plaintiff's claims against it with prejudice, and without leave to amend, under Fed. R. Civ. P. 12(b)(6).

                    BODMAN PLC

                    By:/s/Erica J. Shell
                        Erica J. Shell (P80106)
                        6th Floor at Ford Field
                        1901 St. Antoine Street
                        Detroit, Michigan 48226
                        (313) 259-7777
                        eshell@bodmanlaw.com
                        *Attorneys for Defendants*

Dated:  September 15, 2023

4860-4557-5551.v3

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023I caused the electronic filing of the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/Erica J. Shell
Erica J. Shell (P80106)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
eshell@bodmanlaw.com
*Attorneys for Santander Consumer USA Inc.*

1

## CERTIFICATE OF RULE COMPLIANCE

This brief complies with the word limit of L. Civ. R. 7.3(b)(i) because it contains 827 words, excluding the parts exempted by L. Civ. R. 7.3(b)(i). The word count was generated using Microsoft Word 2016.

/s/Erica J. Shell
Erica J. Shell (P80106)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
eshell@bodmanlaw.com
*Attorneys for Santander Consumer USA Inc.*